## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEE TRAYLOR,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIV-05-1167-R |
| | ) |
| **TERRY JENKS,** | ) |
| | ) |
|     **Defendant.** | ) |

### O R D E R

Before the Court is the Report and Recommendation of United States Magistrate Judge Bana Roberts entered August 30, 2006 and Plaintiff's Objection to the Report and Recommendation filed September 15, 2006. The Court has reviewed the Report and Recommendation *de novo* in light of Plaintiff's Objection, pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff in his Objection argues that it was not until 2004 or 2005 that he allegedly discovered the *legal* basis for his *ex post facto* claim, but a civil rights action accrues, for purposes of the statute of limitations, when the "*facts* that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation and citations omitted) (emphasis added). The Court agrees with the Magistrate Judge that Plaintiff was aware of the facts that formed the basis for his *ex post facto* and due process claims in 1999 or, in any event, no later than 2000, when another parole hearing did not occur. To the extent Plaintiff is now arguing that the Oklahoma Truth in Sentencing Act violates the Ex Post Facto Clause because it changes a life sentence from

45 years to 60 years, see Objection at pp. 2-5, this argument or claim was not raised before the Magistrate Judge and is, therefore, deemed waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (issues not raised until objections to Magistrate Judge's report are deemed waived); *Marshall v. Chater*, 73 F.3d 1421, 1426 (10th Cir. 1996) (same); *Shepard v. Sullivan*, 65 Fed. Appx. 677, 682 n. 6 (10th Cir. Mar. 27, 2003) (No. 02-1198).

The Court fully concurs in the findings and conclusions of the Magistrate Judge, ADOPTS her Report and Recommendation [Doc. No. 14] in its entirety, and summarily DISMISSES Plaintiff's Complaint as barred by the applicable statute of limitations and alternatively for failure to state a claim on which relief can be granted. This dismissal shall count as one strike pursuant to 28 U.S.C. § 1915(g) following Plaintiff's exhaustion or waiver of his appeal rights.

**It is so ordered this 21st day of September, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE